**SO ORDERED.**

**SIGNED this 29th day of February, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### El Paso Division

| | |
|---|---|
| IN RE: | BANKR. CASE NO. |
| PHYSICIANS SPECIALTY HOSPITAL OF EL PASO EAST, LP | 07-30633-LMC |
| DEBTOR | CHAPTER 11 |
| PHYSICIANS SPECIALTY HOSPITAL OF EL PASO EAST, LP | |
| PLAINTIFF | |
| v. | ADV. NO. 08-3001-LMC |
| ROBERT E. JONES, as TRUSTEE OF THE JONES FAMILY TRUST, AND O.R. BROOKER | |
| DEFENDANTS | |

**ORDER GRANTING READYONE INDUSTRIES, INC.'S
MOTION TO INTERVENE AND TO CONSOLIDATE ACTION**

CAME ON for consideration the foregoing matter. Interested party ReadyOne Industries, Inc. ("ReadyOne") filed a motion (the "Motion") seeking to intervene in this action as defendant, cross-plaintiff, and counter-plaintiff. ReadyOne further seeks to consolidate this adversary

proceeding with another related proceeding (the "ReadyOne Proceeding") in which ReadyOne is the plaintiff and the defendants include Physicians Specialty Hospital of El Paso East, LP ("the Debtor"), and Robert E. Jones both in his individual capacity ("Jones") as well as in his capacity as trustee for the Jones Family Trust ("JFT").[1]

## BACKGROUND

ReadyOne claims that Jones, who previously served as an officer of ReadyOne, embezzled several millions of dollars from ReadyOne[2] and transferred those funds through JFT to the debtor, labeling the transfers to the debtor as loans from JFT to the debtor. ReadyOne has obtained a judgment jointly and severally against JFT, Jones, and Jones' wife in the amount of $13,342,079.38. In the bankruptcy case, JFT has filed a proof of claim, requesting $17,182,742.32 for money allegedly loaned to the debtor. (Case No. 07-30633-lmc, Claim No. 102).[3] ReadyOne argues that the funds allegedly loaned to the debtor were the rightful property of ReadyOne and so should be held in a constructive trust for the benefit of ReadyOne. ReadyOne also seeks to garnish any liens JFT holds against property of the estate. In the instant adversary proceeding, the debtor objects to JFT's claims, seeks to reclassify any debt claimed to be owed to JFT as equity rather than debt, and further seeks to invalidate all liens JFT alleges to hold against property of the estate. ReadyOne, through its Motion, claims that it should be entitled to intervene in this adversary proceeding to protect its judgment against JFT. Should the debtor succeed in this action, says ReadyOne, JFT will have nothing with which to satisfy ReadyOne's judgment.

---

[1] Adv. Proc. No. 07-3030-lmc.

[2] ReadyOne was known, at the time, as the National Center for Employment of the Disabled (NCED).

[3] Jones, on behalf of JFT, has also filed a proof of claim in the amount of $13,342,079.38, the exact amount of ReadyOne's judgment against Jones and JFT. (Claim No. 119).

### INTERVENTION

ReadyOne argues that its intervention is both mandatory and permissive. The court agrees that intervention is mandatory under the circumstances. Federal Rule 24(a)(2), made applicable to this adversary proceeding by Bankruptcy Rule 7024, provides that a party in interest may intervene in a proceeding as a matter of right upon (1) a timely motion, and if the party seeking to intervene demonstrates that: (2) it holds a claim relating to property that is the subject of the immediate lawsuit; (3) the disposition of the instant dispute may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interests would not be adequately represented by the existing parties. *See Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.,* 493 F.3d 570, 578 (5th Cir. 2007) (citations omitted). The Fifth Circuit has also stated that the inquiry under Rule 24(a)(2) is to be flexible rather than a technical checklist and "should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall,* 426 F.3d 745, 753 (5th Cir. 2005) (citing *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996); *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 2004)) (internal quotations omitted), *rehearing denied* 456 F.3d 442 (5th Cir. 2006), *cert. denied, Ross v. Allstate Tex. Lloys Ins. Co.,* 127 S.Ct. 1125, 166 L.Ed.2d 892 (2007)). To date, no party has expressed an objection to ReadyOne's objection, and the court is convinced that ReadyOne's participation in this proceeding would achieve greater justice.[4] With that in mind, it is worth considering each element in turn.

First, there is little doubt as to the timeliness of ReadyOne's motion. The complaint in this case was filed on January 14, 2008. ReadyOne filed this motion on February 13, 2008, the same day

---

[4] The court notes that the debtor has filed a request for an agreed order appointing a mediator to resolve this action. (Doc. #8). The form of the agreed order bears the signature of counsel for ReadyOne, indicating that no party intends to object to this Motion. *See id.*, Exhibit A.

that both defendants filed their answers to the complaint. The court has not yet issued a scheduling order. No discovery motions have been filed, and there are no other dispositive motions pending before the court. Timeliness is not a barrier to this motion.

Second, the subject of this adversary proceeding is what distributions, if any, the debtor should make to JFT on account of its claims against the estate. ReadyOne, in its own adversary proceeding which it seeks to consolidate with this proceeding, asserts an interest (effectively a judgment lien) in JFT's right to receive payment from the debtor. An "interest" for the purposes of Rule 24(a)(2) must be direct and not contingent on the outcome of some future litigation. *See Ross v. Marshall,* 456 F.3d 442, 443 (5th Cir. 2006) (citing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871 (2d Cir. 1984); *Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629 (1st Cir. 1989)). ReadyOne's interest in JFT's claims has been liquidated through a previous state action, which resulted in ReadyOne obtaining a judgment against JFT exceeding $13 million. The purpose of the ReadyOne Proceeding was not to liquidate its claim against JFT but, rather, to prevent JFT from disposing of any funds received from the estate. The court finds that ReadyOne holds a sufficient interest in the subject of this adversary proceeding to warrant intervention as a matter of right.

Third, the disposition of this dispute may well impair ReadyOne's interest. The debtor, through this adversary proceeding, seeks to minimize, or to eliminate, the distributions it must make to JFT. ReadyOne claims a direct interest in those distributions as a means of satisfying its judgment against JFT. At the same time, ReadyOne argues that the funds embezzled from ReadyOne were used to fund of the debtor's business. ReadyOne has filed several proofs of claim in the bankruptcy

case, based on Jones' conduct in his capacity as a principal for the debtor.[5] The claim which ReadyOne asserts against JFT and its right to distributions from the estate are one of several ways ReadyOne seeks to satisfy its judgment against Jones and JFT. To say that intervention is mandatory to satisfy its judgment is not entirely accurate. However, that is not what the Rule requires. It is sufficient for the purposes of Rule 24(a)(2) to conclude that the disposition of this action without ReadyOne's participation may *impair* its ability to satisfy its judgment.

Finally, the court is convinced that JFT and Brooker will not adequately represent ReadyOne's interests in this adversary proceeding. As ReadyOne argues in its motion, JFT has little financial incentive to defend against this action knowing that, in all likelihood, whatever distributions it receives from the estate will be directed to ReadyOne. Implicit in this argument is the likely nonfeasance of JFT in defending its interests in this action, which is sufficient to meet the "minimal" burden of this fourth prong for intervention under Rule 24(a)(2). *See Haspel & Davis,* 493 F.3d at 578-79 (citations omitted).

Because ReadyOne has demonstrated all required elements of intervention as a matter of right under Rule 24(a)(2), the court need not discuss permissive intervention under Rule 24(b)(2), aside from noting that the court has the discretion to grant ReadyOne's motion under that subsection and would so exercise that discretion if not for ReadyOne's mandatory right to intervene under subsection (a)(2).

## CONSOLIDATION

ReadyOne also seeks to consolidate this adversary case with the ReadyOne Proceeding. The standard for granting that request is a finding that there exist common questions of fact or law. *See*

---

[5] Claim Nos. 129-133.

Fed. R. Civ. P. 42(a) (made applicable to this proceeding by Fed. R. Bankr. P. 7042). The two matters focus on the distributions to be made by the estate. ReadyOne wants the distributions to be higher, and it wants those distributions to be made to ReadyOne to satisfy its judgment against JFT. The debtor wishes to lower the distributions, but may not have a preference as to whom those distributions are made. JFT likely will argue that its claim should be allowed in full and that the debtor should disburse payment on the claim directly to JFT. However, if, through ReadyOne's Action, JFT's claim is adjudged to be held for the benefit of ReadyOne, it may be the case that JFT does not have a dog in this fight. In all events, the issue in the two proceedings are sufficiently intertwined such that this court could and does find that consolidation of the two matters would be in the best interest of all parties involved.[6] The court, therefore, will grant ReadyOne's request to do so.

## CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion is GRANTED.

It is further ORDERED that ReadyOne shall file a copy of the pleading attached to the Motion within five business days from the entry of this order pursuant to Rule 24 and Bankruptcy Rule 7024, and it is further ORDERED that the ReadyOne Proceeding is hereby consolidated into the above-captioned adversary proceeding. All deadlines established in ReadyOne Proceeding are hereby continued until new deadlines may be established as part of the above-captioned, consolidated adversary proceeding.

### # # #

---

[6] Once again, the court notes that the parties have requested the entry of an agreed order appointing a mediator to resolve the matters in this proceeding. One of the signatories to the agreed order is counsel for ReadyOne.